IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 18-07310 ESL |
| **JUAN M BARRETO GINORIO** | |
| *Debtor* | CHAPTER 12 |

*APPLICATION FOR APPROVAL
OF EMPLOYMENT OF ATTORNEY*

TO THE HONORABLE COURT:

**NOW COMES** the Debtor herein, **JUAN M. BARRETO GINORIO**, and very respectfully represents:

1. On December 14th, 2018, Debtor filed its petition for reorganization under the provisions of 11 USC Chapter 12 of the Bankruptcy Code.

2. Debtor lacks sufficient knowledge and information in order to be appear and conduct their legal representation without adequate legal counsel.

3. In selecting such counsel, Debtor made and investigated the qualifications and connections of Modesto Bigas Mendez, an attorney duly admitted to practice before this Honorable Bankruptcy Court and before the Courts of the Commonwealth of Puerto Rico, in order to determine whether he is qualified to represent the Debtors in these bankruptcy proceedings.

4. The current registration number of Modesto Bigas Mendez is USDC 129507.

5. Debtor has retained Modesto Bigas Mendez, as his counsel in these proceedings subject to the approval of this Court in accordance to Rule 2014 of the Federal Rules of Bankruptcy Procedure. A $1,000.00 retainer was paid by the debtor, against which the law firm will bill on the basis of $250.00 per hour, plus expenses, for work performed or to be performed by Modesto Bigas Mendez, Esq. These rates are considered to be reasonable and fair, as the stated rates are reasonable compared to

*Juan M. Barreto Ginorio*
*Case No. 18-07310 BKT*
*Page 2*

those performed on behalf of other clients by attorneys of the same competence and experience. When the retainer is exhausted, the attorneys will continue the services and additional billing will accrue, as stated above, and any and all requests for interim and final compensation will be processed through the proper application(s) to be filed with the Court.

6. Modesto Bigas Mendez, is a disinterested firm as defined in 11 USC §101(14), since:

   a. He does not and do not represent any of the Debtor's creditors, equity security holders or insiders;

   b. He is not and was not, within two(2) years before the date of the filing of the petition a director, officer or employee of the Debtor.

   c. He does not have or hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

7. Modesto Bigas Mendez has no prior connections with the Debtor, its officers, directors, insiders, any creditor, or any other party in interest, their respective attorneys and accountants, the United State Trustee or any person employed in the office of the United States Trustee.

8. The Bankruptcy Code, in 11 USC §327(a) provides that:

   (a) Except as otherwise provided in this section, the trustee (debtor in possession), with the Court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest

*Juan M. Barreto Ginorio*
*Case No. 18-07310 BKT*
*Page* 3

> adverse to the estate, and that are disinterested persons, to represent or assist the trustee carrying out the trustee's duties under this title.

This section authorizes the debtor-in-possession, subject to the Court's approval, to employ professional persons, such as attorneys, accountants, appraisers, auctioneers, engineers and accountants, to represent or perform services for the estate.

9. 11 USC §328(a) provides:

> The trustee, or committee appointed under section 1102 of this title, with the Court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the Court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

10. In compliance with the cited sections of the law, specifically, 11 USC §327, 329, and 504(b)(1) and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, a certificate executed by Modesto Bigas Mendez, is accompanied with this application.

**WHEREFORE**, it is respectfully requested that this Court enter an order allowing Modesto Bigas Mendez, to represent Debtor in the instant case, under the terms and conditions specified above.

*Juan M. Barreto Ginorio*
*Case No. 18-07310 BKT*
*Page* 4

## NOTICE TO CREDITORS

**YOU ARE HEREBY NOTIFIED** of the Motion filed by the debtor. If within **TWENTY(20) DAYS** after Service as evidenced by this certification, and additional three(3) days pursuant to Fed. R. Bank. PR. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, must serve and file an objection or other appropriate response to this paper with the Clerk's office of the US Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the Motion will be deemed unopposed and may be granted unless; (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this same date I electronically filed the foregoing document with the clerk of the court using the CM/ECF System which will send notification of such filing to the following: US Trustee; Chapter 12 Trustee, Mr. Jose R. Carrion Morales; and all creditors registered to said system. On this date, I have sent copy of said document by regular mail to all parties in interest as of the creditor matrix attached hereto.

**IN SAN JUAN**, Puerto Rico, this 31 day of December, 2018.

JUAN M. BARRETO GINORIO
Debtor

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 18-07310 ESL |
|---|---|
| JUAN M. BARRETO GINORIO | |
| *Debtor* | CHAPTER 12 |

## *VERIFIED STATEMENT OF PROPOSED ATTORNEY*

**Modesto Bigas Mendez**, attorney at law, admitted to practice in Puerto Rico Federal and Commonwealth Courts, and residents of Ponce, Puerto Rico, attest under penalty of perjury:

1. The name and personal circumstances are as stated above. Mr. Modesto Bigas Méndez Puerto Rico Bar number 6031; United States District Court number 129507; duly and fully admitted to practice law and in good standing in the Supreme Court of the Commonwealth of Puerto Rico and in this Court.

2. He maintains the office for the practice of law at Urbanización Santa María, 515 Ferrocarril Street, Ponce, Puerto Rico, and the current postal address is P.O. Box 7462, Ponce, Puerto Rico 00732-7462. The telephone number of the office is 787-844-1444 and the telecopier number is 787-842-4090; email: modestobigas@yahoo.com.

3. To the best of my knowledge, I am a disinterested person, as defined in USC §101(14) since:

    a. I am not Debtor's creditor, equity security holder or insider;

    b. I am not and was not, within two(2) years before the date of the filing of the petition a director, officer or employee of the Debtor.

    c. I do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity holders, by reason of any

direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

4. To the best of my knowledge, I have no prior connections with the Debtor, its officers, directors and insiders, any creditor, or other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

5. Except as otherwise set forth in paragraph six(6) below, the source of the compensation promised to the stated law firm shall be from Debtor's estate from such funds as may be available to Debtors from third parties and to which Debtors may be legally entitled.

6. Debtor has engaged this attorney to represent it in these proceedings subject to the approval of this Court in accordance to Rule 2014 of the Federal Rules of Bankruptcy Procedure, on the basis of a $1,000.00 retainer which has been advanced by the Debtor, against which the undersigned will bill on the basis of $250.00 per hour, plus expenses, for work performed or to be performed; upon application(s) and the approval of the Court; rates which are considered to be reasonable and fair, in line with services comparable to those performed on behalf of other clients in this jurisdiction. Upon the exhaustion of the retainer, the billing will continue, as stated above, and any and all interim and final request for compensation will be processed through the pertinent application(s) to be filed with the Court.

7. There are no agreements on the part of Modesto Bigas Mendez for the sharing of any compensation or reimbursement received or to be received under 11 USC §330(a) and 503(b)(a), or otherwise in connection with this case, nor will he share in any such

Juan M. Barreto Ginorio
Case No. 18-07310 BKT
Page 7

compensation or reimbursement received by another person under such sections, except the customary payments to members, partners and regular associates of the firm identified herein.

8. This statement will be amended upon learning that:

    a. Any of the representations made herein are incorrect, or;

    b. There is any charge of circumstances relating to this application.

9. I have reviewed the provisions of Local Bankruptcy Rule 2016-1.

10. Included as an attachment to this statement is the Curriculum Vitae of the applicant.

11. I declare under penalty of perjury that the foregoing is true and correct as provided in 28 USC §1746.

12. The related case, Vaqueria Las Martas, Inc, corporation wholly owned by the debtor in this case filed a petition under Chapter 12 of the Bankruptcy Code, case number 18-07304 ESL.

13. Section 327 of the Bankruptcy Code allows the employment of professionals with the court's approval that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the debtor in carrying out the debtor's duties under the Bankruptcy Code. It has been resolved that an adverse interest may be interpreted as: (1) to hold or assert any economic interest that would tend to reduce the value of the bankruptcy estate or that would give rise to an actual of potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such predisposition a bias against the estate. **Matter of CF Holding Corp.**, 30 CBC 2d 1606, 164 BR 799 (Bankr. D. Conn 1994).

Juan M. Barreto Ginorio
Case No. 18-07310 BKT
Page 8

14. The debtor certifies that to this date, there is no civil or administrative proceeding involving the debtor and its corporation, as adverse parties or any action related to the administration of their financial affairs or of the debtor. There is no claim of the debtor against his corporation nor is there any existing claim or mutually existing claim for services rendered, nor has Modesto Bigas Mendez been retained now or in the past to pursue or claim against the other in any other matter involving the Corporations and the debtor.

15. This disclosure of the relationship of Modesto Bigas Mendez is made to comply with the Disclosure requirements of 11 USC 327, and to respectfully pray this Honorable Court to confirm the court's approval of this representation even after this Disclosure, since the debtor believe in good faith that to the best of the applicant's knowledge, Modesto Bigas Mendez continued representation of the debtor and Vaqueria Las Martas, Inc., represents no interest adverse to the estate of the debtor.

**IN SAN JUAN**, Puerto Rico, this 21 day of December, 2018.

**MODESTO BIGAS LAW OFFICE**
Attorneys for Debtor
P.O. Box 7462
Ponce, P.R. 00732-7462
Tel. 787-844-1444; Fax 787-842-4090

By: /s/
**MODESTO BIGAS MENDEZ**
U.S.D.C. NO. 129507
modestobigas@yahoo.com

| | | |
|---|---|---|
| Modesto Bigas Méndez | | |
| PO Box 7462 | Office | (787) 844-1444 |
| Ponce, PR 00732-7462 | Fax | (787) 842-4090 |
| modestobigas@yahoo.com | Cellular | (787) 644-2611 |
| mbigasmendez@gmail.com | | |

## PROFESSIONAL EXPERIENCE

PRIVATE PRACTICE- December 1983 to present

Engaged in private practice and litigation in Civil Law, Contracts, Torts Claims, Corporate Law, Family Law and Notarial Law. As a notary public, executed notarial clossings for Sucesion J. Serralles, Inc. from 1982 to December, 2003; have drafted and executed segregation of lots and parcels of land, sales deeds, mortgages, lease contracts, sales of businesses, testaments, powers of attorney, cancellation of mortgages, drafted and executed registration of urban housing developments, liquidation and distribution of inheritances.

Specialized in Bankruptcy Law, representing debtors and creditors. Have maintained my private office located at 515 Ferrocarril, Ponce, PR 00717-1111 since 1991.

ASSOCIATE LAWYER- December 1981-November 1982

At the office of Agustin Diaz Garcia, performed duties related to bankruptcy litigation, from case preparation to court appearances for hearings and litigation. Other duties were related to drafting of contracts, deeds and notarial law. Served as expert consultant for firms's client in relation to electrical engineering problems.

ASSOCIATE LAWYER- December 1978-October 1979

At Bufete Mendez Moll performed duties related to Tort Claims, personal injury and insurance claim cases, including case research, preparation and court appearances for motions and trials.

GENERAL MANAGEMENT

As Manager of Plastic-Fiber Formulations, Inc.(1979-1981), (A Destileria Serralles, Inc. affiliate), product line of roof sealers and paints was revamped for new and more competitive products. Responsible for creation and marketing of new products, supervised manufacturing operations, sales and distribution products.

ENGINEERING MAINTENANCE MANAGEMENT

As Chief Engineer for Destileria Serralles, Inc.(1972-1978), was responsible for all in plant maintenance, operation and modernization of plant processes and equipment. Supervised the installation of a new distilled spirits bottling line, bulk packaging systems, barrel handling and recovery of aged distillates, modernization of aging distilled spirits warehouses, installation of new distilling equipment, remote control stations and installation of new office facilities at the Mercedita Plant. Supervised and designed a new electrical distribution system for the Mercedita facilities, including the installation of new substations, electrical in-plant distribution of electric power feeders

and electrical control and safety equipment. Supervised the installation of new molasses handling equipment; installation and operation of distilling plan effluent handling equipment.

Operations were reviewed from fermentation process to product packaging and storage, maintenance groups were organized, trained in new equipment and left in full operation.

MAINTENANCE ENGINEER

Central Mercedita, Inc.(1971-1972) supervised the plant's electrical system and utilities, designed basic control and motor installations for plant process. Designed and supervised the installation of the electrical control system for a new cane wash station.

PROJECT CONSTRUCTION ENGINEER

Carrero and Tristani, Inc.(1968-1971). Supervised the electrical installation of new construction projects, from the Damas Hospital in Ponce, to housing projects at Las Delicias and Jardines del Caribe.

COMPUTER SYSTEMS ENGINEER

Albert E. Lee & Sons, Inc.(1965-1968) responsible for the installation, maintenance, repair and upgrading of Univac Digital Equipment and Computers. Trained new engineers in basic technology and troubleshooting techniques.

## TEACHING EXPERIENCE

LAW SCHOOL PROFESSOR

At the Pontifical Catholic University of Ponce Law School, (August 1999 to present) teaching Bankruptcy Law, Creditor and Debtor Remedies, Evidence, Legal Research, Civil Litigation. Present carrying a load of 9 credit hours per semester (Three courses).

## PROFESSIONAL EDUCATION AND CONTINUING EDUCATION COURSES

U.P.R. Mayaguez, 1960-1965- Bachelor of Science, Electrical Engineering

P.U.C.P.R. Ponce, 1974-1978- Juris Doctor, 3.03 Avg., Top 25% of class.

New York University- Advanced Bankruptcy Seminar- 1982

Interamerican University- Bankruptcy Seminar- 1984

Puerto Rico Bankruptcy Bar Seminars- 1996, 1997, 2000, 2003

Pontifical Catholic University Law School- New Corporations Law- 1997

National Association of Consumer Bankruptcy Attorneys- Orlando Seminar- 2005

18-07310-ESL12 JUAN M BARRETO GINORIO
Case type: bk Chapter: 12 Asset: Yes Vol: v Bankruptcy Judge: ENRIQUE S. LAMOUTTE INCLAN
Date filed: 12/14/2018 Date of last filing: 12/21/2018

# Creditors

| | |
|---|---|
| **AAA**<br>PO BOX 70101<br>SAN JUAN PR 00936-8101 | (4665872)<br>(cr) |
| **AUTORIDAD DE TIERRAS DE PUERTO RICO**<br>PO BOX 9745<br>SAN JUAN PR 00908 | (4665873)<br>(cr) |
| **CONDADO 5 LLC**<br>PO BOX 190058<br>SAN JUAN PR 00919 | (4665874)<br>(cr) |
| **COOPACA**<br>P O BOX 1056<br>ARECIBO PR 00613 | (4665875)<br>(cr) |
| **CRIM**<br>PO BOX 195387<br>SAN JUAN PR 00919-5387 | (4665876)<br>(cr) |
| **DEPARTAMENTO DE HACIENDA**<br>PO BOX 9024140<br>SAN JUAN PR 00902-4140 | (4665877)<br>(cr) |
| **INTERNAL REVENUE SERVICE**<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | (4665878)<br>(cr) |
| **JUAN M BARRETO GINORIO**<br>HC 05 BOX 91635<br>ARECIBO PR 00612 | (4665870)<br>(cr) |
| **MARIA E HERNANDEZ RUIZ**<br>PO BOX 1079<br>HATILLO PR 00659 | (4665879)<br>(cr) |
| **MCM**<br>PO BOX 603 DEPT 12421<br>OAKS PA 19456 | (4665880)<br>(cr) |
| **MODESTO BIGAS MENDEZ**<br>PO BOX 7462<br>PONCE PR 00732-7462 | (4665871)<br>(cr) |
| **SEARS**<br>PO BOX 6283<br>SIOUX FALLS SD 57117-6283 | (4665881)<br>(cr) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/21/2018 17:36:57 | | | |
| **PACER Login:** | mbigasme3731:2510751:0 | **Client Code:** | |
| **Description:** | Creditor List | **Search Criteria:** | 18-07310-ESL12<br>Creditor Type: All |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |