# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 18-07310 (ESL) |
| JUAN MANUEL BARRETO GINORIO | CHAPTER 12 |
| Debtor | |

## MOTION TO DISMISS UNDER 11 U.S.C. § 1208(c)

TO THE HONORABLE COURT:

COMES NOW Condado 5, LLC ("Condado 5") through the undersigned counsel, and respectfully states and prays as follows:

### Procedural Background

1. On December 14, 2018, the Debtor filed the instant Chapter 12 bankruptcy petition. See Docket No. 1.

2. On December 17, 2018, the Court issued a *Notice of Chapter 12 Bankruptcy Case* in which it scheduled the § 341 meeting of creditors for January 16, 2019 at 10:00 AM. See Docket No. 4.

3. On January 9, 2019, the Debtor filed a *Notice Rescheduling 341 Meeting of Creditors* notifying creditors and parties in interest that the § 341 meeting of creditors had been rescheduled for February 13, 2019 at 10:00 AM. See Docket No. 10.

4. On February 14, 2019, the Debtor filed a second *Notice to Creditors & Other Parties in Interest* stating that the § 341 meeting of creditors was once again rescheduled for March 12, 2019 at 10:00AM. See Docket No. 22.

5. On March 12, 2019, the Chapter 12 Trustee held the § 341 meeting of creditors, in which Condado 5 appeared, but continued such hearing for April 3, 2019 at 10:00AM because the Debtor failed to appear. See *§341 Meeting Minutes and Report on Confirmation*, Docket No. 32.

6. Condado moves for the dismissal of the instant case due to Debtor's failure to

appear at the § 341 meeting of creditors and due to the Debtor's failure to file any monthly operating reports.

## Applicable Law and Discussion

*(a) Cause under Section 1208(c), generally*

7. Section 1208(c) of the Bankruptcy Code generally provides that "[o]n request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause." 11 U.S.C. § 1208.

8. Section 1208(c) provides a list of what may constitute cause for dismissal of a Chapter 12 case. However, "[s]ince section 102(3) [of the Bankruptcy Code] provides that the term 'including' is not limiting, the list set forth at section 1208(c)(1)-(9) is non-exclusive". In re Michels, 305 B.R. 868, 872 (B.A.P. 8th Cir. 2004).

9. "The decision to dismiss a case is within the sound discretion of the bankruptcy court." Id.

*(b) Cause to dismiss for failure to appear at the § 341 meeting of creditors*

10. Section 343 of the Bankruptcy Code mandates the Debtor's appearance at the § 341 creditors' meeting. See 11 U.S.C. § 343 (providing that the debtor "shall appear and submit to examination under oath at the meeting of creditors under section 341(a)" (underline added)).

11. Failure to attend the § 341 meeting of creditors constitutes "cause" for dismissal. See Dunn v. Rund (In re Dunn), 2010 Bankr. LEXIS 3070, at **16-17, 2010 WL 6451888, at *5 (B.A.P. 9th Cir. 2010) (debtor's "failure to attend both the initial § 341(a) meeting and a continuance thereof constitutes cause"); In re Witkowski, 523 B.R. 300, 306 (B.A.P. 1st Cir. 2014) (affirming a dismissal for, *inter alia*, "failure to attend the § 341 meeting" citing In re Dunn, *supra*).

12. "The debtor has a duty to appear at the meeting of creditors and to submit to examination under oath; failure to appear for the meeting of creditors is cause, under appropriate circumstances, for dismissal of the case. Hon. Joan N. Feeney *et al.*, Bankruptcy Law Manual, § 3:21 Vol. 1 (5th ed. 2018).

13. PR LBR 1017-2(b)(6) establishes as cause for dismissal for want of prosecution "failure of the debtor to appear at the initial § 341 meeting, or any continued meeting".

14. PR LBR 2003-1(b) further provides for the dismissal of a case for failure to appear at a § 341 meeting of creditors in voluntary petitions like the instant case as follows:

> **§ 341 Meeting of Creditors; Failure of Debtor to Appear at § 341 Meeting of Creditors.**
>
> Failure of the debtor to appear at a scheduled 11 U.S.C. § 341 meeting of creditors may constitute cause for dismissal.
>
> (1) The court may dismiss a voluntary case under any chapter for failure of the debtor (or in the case of a non-individual debtor, the debtor's president, managing partner or other knowledgeable officer) to appear at the meeting of creditors, upon the filing of a motion to dismiss for failure of debtor to appear at the § 341 meeting; and upon determination that:
>
> (A) there has been proper notice of the intended action;
>
> (B) there is no motion pending, pursuant to LBR 2003-1(c), to reconsider the United States trustee's or the trustee's denial of a request for continuance of the meeting; and
>
> (C) the case was not commenced as an involuntary case.

PR LBR 2003-1(b) (underline added).

15. The instant case was initiated through a voluntary Chapter 12 petition, so prong (C) is inapplicable. Likewise, neither the United States Trustee or Chapter 12 Trustee denied a request for continuance of the meeting because the Debtor simply did not seek prior continuance as it previously had twice before. Thus, prong (B) is also inapplicable. The Debtor, through its attorney, is electronically noticed through CM/ECF of the foregoing motion to dismiss filed by Condado. Motions filed through the CM/ECF court system are presumed to be served on the same date of the electronic filing. See Puerto Rico Electric Power Authority v. Vitol, Inc., 298 F.R.D. 23, 26 (D.P.R. 2014). Thus, there is "proper notice of the intended action" pursuant to PR LBR 2003-1(b)(1)(A).

16. Moreover, in the instant case, the § 341 meeting of creditors was previously rescheduled <u>twice</u> and when it was finally held, the Debtor failed to appear without prior notice to Condado.

17. Consequently, Condado incurred in expenses in preparing for and appearing at such meeting. The Debtor's failure to appear stands in blatant disregard of its duties as a Chapter 12 Debtor. The Debtor's misconduct is worsened by the fact that the § 341 meeting of creditors was continued twice before the Debtor's failure to appear.

18. Condado submits to the Court that there is cause for dismissal under Section 1208(c) of the Bankruptcy Court, 11 U.S.C. § 1208(c), and the aforestated local bankruptcy rules.

*(c) Cause to dismiss for failure to file monthly operating reports*

19. Chapter 12 debtors must comply with the following duties required in Section 1203 of the Bankruptcy Code:

> Subject to such limitations as the court may prescribe, a debtor in possession shall have all the rights, other than the right to compensation under section 330, and powers, and shall perform **all the functions and duties**, except the duties specified in paragraphs (3) and (4) of section 1106(a), **of a trustee serving in a case under chapter 11**, including operating the debtor's farm or commercial fishing operation.

11 U.S.C. §1203 (emphasis added).

20. Section 1203 makes express reference to Section 1106 of the Bankruptcy Code, which outlines the duties of a Chapter 11 Trustee. Among these duties, Section 1106 requires a Chapter 11 Trustee, and therefore a Chapter 12 Debtor by reference, to "perform the duties of the trustee, as specified in paragraphs (2), (5), (7), (8), (9), (10), (11), and (12) of section 704(a)". 11 U.S.C. § 1106.

21. Section 704(a)(8), in turn, provides that a trustee shall "if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out

of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires." 11 U.S.C. § 704(a)(8).

22. Fed. R. Bankr. P. 2015(b) expressly states that a Chapter 12 Debtor must comply with the filing of reports and summaries required by Section 704(a)(8) of the Bankruptcy Code.

23. Our Local Bankruptcy Rules for the District of Puerto Rico specify the filing, content, and timing of these reports. PR LBR 2015-2(a) states that a Chapter 11 debtor in possession or a Chapter 11 trustee "must file with the court a monthly financial report signed under penalty of perjury, and served on the United States trustee and each member of any committee elected or appointed. Each report is due on the twenty-first (21st) day of the subsequent month."

24. The foregoing duty of a chapter 11 trustee to file operating reports on the 21st day of the subsequent month is mandatory.

25. In light of the provisions of Section 1203 of the Bankruptcy Code, which expressly states that a Chapter 12 debtor must comply with all duties of a Chapter 11 trustee, the Debtor in the instant case must file a monthly financial report in accordance with the requirements of PR LBR 2015-2.

26. In Chapter 12 cases, "[f]ailure to file monthly reports or provide the Trustee with other required financial information can also be grounds for dismissal." In re Weber, 297 B.R. 567, 572 (Bankr. N.D. Iowa 2003). Also see In re Gribbins, 242 B.R. 637, 642 (Bankr. W. D. Ky. 1999) (dismissing a Chapter 12 case post-confirmation based, in part, on debtor's failure to file monthly reports), aff'd 43 Fed. Appx. 861 (6th Cir. 2002).

27. Therefore, there is additional cause to dismiss the instant case inasmuch as the Debtor has not filed any monthly operating reports regarding their finances and thus have failed to comply with its Chapter 12 debtor duties in 11 U.C.S. § 1203.

28. It is important to note that PR LBR 2015-2 does not restrict the filing of monthly operating reports to businesses authorized to operate. Consequently, <u>all</u> Chapter 12 debtors must file monthly operating reports as it is part of <u>all</u> Chapter 11 trustees' duties.

<u>Prayer for Relief</u>

WHEREFORE, Condado 5 respectfully requests the Court to dismiss the instant case for cause under Section 1208(c) of the Bankruptcy Code and to grant any other relief it deems just and proper.

RESPECTFULLY REQUESTED.

In San Juan, Puerto Rico, on this 20th day of March, 2018.

<u>Objection Language - PR LBR 9013-1(c)(1)</u>
Within fourteen (30) thirty after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

<u>Affidavit of Military Service- Servicemembers Civil Relief Act</u>
Pursuant to PR LBR 4001-1(b) regarding the Debtor's military status, we attach a copy of his Military Status Reports obtained from the Department of Defense Manpower Data Center. <u>See</u> **Exhibits I**.

<u>Certificate of Service</u>
We hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". <u>P.R. Elec. Power Auth. v. Vitol, Inc.</u>, 298 F.R.D. 23, 26 (D.P.R.2014).

-Signatures on following page-

**Ferraiuoli** LLC
Attorneys for Condado 5
PO Box 195168
San Juan, PR 00919-5168
Tel.: (787) 766-7000
Fax: (787) 766-7001

*/s/ Sonia E. Colón*
SONIA E. COLÓN
USDC-PR No. 213809
scolon@ferraiuoli.com

*/s/ Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/ Camille N. Somoza*
CAMILLE N. SOMOZA
USDC-PR No. 302908
csomoza@ferraiuoli.com